United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO, *et al.*, | No. C-12-3034 EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, | |
| Defendants. | **(Docket No. 9)** |
| _____/ | |

Currently pending before the Court is Plaintiffs' motion for a preliminary injunction, in which they ask the Court to enjoin enforcement of San Francisco Park Code § 7.08(d). For the reasons stated at the hearing on Plaintiffs' motion, the Court hereby **DENIES** the request for preliminary injunctive relief.

Most significantly, Plaintiffs have failed to establish that they have standing to seek injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (stating that "'[past] exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing present adverse effects'"). Although Plaintiffs could theoretically suffer an injury in the form of a chilling effect on their desire to engage in First Amendment activities, *see Ward v. Utah*, 321 F.3d 1263, 1267, 1269 (10th Cir. 2003), they have offered no concrete evidence that, absent § 7.08(d), they would actually engage in any such activities in any of the parks identified in § 7.08(d). There is no evidence, for example, that Ringling Brothers circus or another company that deals with animals is likely to hold another event

in any of the parks identified in § 7.08(d). Furthermore, Plaintiffs have not offered evidence to support their claim that there is a credible threat of future prosecution. *See id.*; *see Lyons*, 461 U.S. at 105 (noting that there must be "a real and immediate threat" of repeat conduct by defendant or its agents); *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972) (noting that "allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm"). This is especially so given that both the San Francisco Department of Recreation and Parks and the San Francisco Police Department have stated that they will suspend enforcement of § 7.08(d) while the ordinance repealing that section is pending before the Board of Supervisors and a decision on the ordinance is likely to be made within the next month or so.

This order disposes of Docket No. 9.

IT IS SO ORDERED.

Dated: September 10, 2012

_____
EDWARD M. CHEN
United States District Judge

2